NORMAN SPOTTSWOOD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 18, 1915.

A charge in a murder trial upon self defense that the accused must have "used all reasonable means in his power to avoid the danger and to avert the necessity of killing," and a charge "that one assaulted on his own premises need not retreat," do not conflict.

Writ of error to Circuit Court, Santa Rosa County; J. Emmet Wolfe, Judge.

Judgment affirmed.

C. M. Jones and Scott M. Loftin, for Plaintiff in Error;

T. F. West, Attorney General, and C. O. Andrews, Assistant, for the State.

COCKRELL, J.—The plaintiff in error was convicted of manslaughter and sentenced to thirty months in the State prison; his co-defendant in the Circuit Court was acquitted.

The court charged the jury as follows: "Neither could the defendants justify his or their acts  *  *  * upon the ground of self defense, unless they used all reasonable means in his or their power consistent with his or their own safety to avoid the danger and avert the necessity of killing Ward, if he or they did kill him, and you are to determine from the evidence whether he or they, used such means"; and also at the defendant's request instructed the jury: "If you find from the evidence in this case that the defendant, Norman Spottswood, was assaulted on the premises of his sister, near her home in which defendant, Norman Spottswood was living with his sister, the court charges you that the defendant, Norman Spottswood was not obliged to retreat, but had a right to stand his ground and use such force as might appear to him as a cautious and prudent man, to be necessary to save his life or to save himself from great bodily harm."

The sole argument of the plaintiff in error is that there is here such a conflict as to mislead the jury and to demand a reversal.

We see no conflict. The jury were told that the defendants must have used all reasonable means to avoid the encounter, but that this did not include the necessity of retreating if upon their own premises. Moreover there was evidence that Norman Spottswood was the original aggressor, bringing on the affray without sufficient provocation, and that the encounter took place upon the shore of the sea, at the waters edge, and not upon private property.

We find no error and the judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.